JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Daniel J. Fields

**DEFENDANTS**
Smith Transport, Inc.

**(b)** County of Residence of First Listed Plaintiff    Washington
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Blair
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas B. Anderson, Bordas & Bordas, PLLC, 420 Fort Duquesns Blvd., Ste 1800, Pittsburgh, PA 15222, 412-502-5000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
      Plaintiff

☐ 3   Federal Question
      *(U.S. Government Not a Party)*

☐ 2   U.S. Government
      Defendant

☐ 4   Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original Proceeding

☐ 2   Removed from State Court

☐ 3   Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐   CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**     ☐ Yes     ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:     JUDGE _____     DOCKET NUMBER _____

DATE
03/23/2026

SIGNATURE OF ATTORNEY OF RECORD
/s/ Thomas B. Anderson

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. FIELDS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| vs. | ) |
| | ) |
| SMITH TRANSPORT, INC. | ) Electronically Filed |
| | ) |
| Defendant. | |

## CIVIL COMPLAINT

Daniel J. Fields, by undersigned counsel, files this Civil Complaint and in support alleges the following:

### I.    Jurisdiction

1.    This action is brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981.

### II.    Venue

2.    Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant regularly conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.    The Parties

3.    The plaintiff, Daniel J. Fields ("Fields") is an adult African-American individual who lives in Washington, Pennsylvania.

4.    The defendant, Smith Transport, Inc. ("Smith Transport"), is a commercial trucking company with its main office located in Roaring Spring, Pennsylvania.

1

III. **Factual Background**

5.    From November of 2022 through May 16, 2025, Fields was employed as a CDL truck driver for Smith Transport.

6.    Throughout his employment with Smith Transport, Fields witnessed and was subjected to severe and pervasive racial discrimination and a hostile work environment.

7.    During his employment with Smith Transport, Fields and other African Americans were subject to racist jokes and disparate treatment on the job. For example, after a supervisor, Cliff Mertz, mixed up the names of two black employees he excused his mistake by stating: "In my defense, y'all look alike." Shortly thereafter, when oil-based mud sprayed on another black employee, Jimmy Cosey, Mertz laughed and commented that when he was covered in oil he "looked like one of y'all" and that "it looks better on you," implying that the oil matched the color of their black skin.

8.    While on standby, Fields was repeatedly called and questioned by white supervisors Mertz and Steve Cox about his location, even when his vehicle was on the line or Fields was in the yard or using a company vehicle. White co-workers advised Fields that they were not required to report their locations even when they were away for extended periods of time. Fields did not report this disparate treatment to Human Resources based on the advice of a senior co-worker, Mark Williams, who had warned Fields that employees who report things to Human Resources are often pushed out of the company.

9.    In or about September of 2023, Fields' supervisor Steve Cox approached him aggressively and yelled: "Hey boy! Did you get unloaded or are you too f***ing stupid to follow simple directions." Fields reported to Lynnette Dellinger, Smith Transport's Human Resources Director, that he perceived the comment as racial harassment. No corrective action was taken.

2

Afterward, Fields requested a schedule change and was told there was no work available, yet Fields' white co-workers confirmed that work was available.

10. In, or about, October of 2023, Fields observed disparate treatment between spills caused by white drivers versus black drivers. For example, a white driver, Reagan, had a significant spill and was allowed to work the next day. Ruben James, a black driver, spilled a much smaller amount and was placed on stand by for months. Reagan stated that the difference in treatment was because he was white.

11. Racial slurs were frequently used in the workplace in reference to black employees, including but not limited to the words "nigger", "field niggers", "black boys", and "monkeys". The use of these racial slurs has been confirmed by Jimmy Cosey during his own lawsuit against Smith Transport concerning racial discrimination, a hostile work environment and retaliation. The slurs were also confirmed by a white co-worker, John Watkins, as outlined in his affidavit dated January 9, 2026 and confirmed during a deposition in the Cosey case against Smith Transport.

12. Watkins confirmed the use of racial slurs and disparate treatment between white employees and black employees, including but not limited to Fields.

13. In April of 2025, Fields asked to leave work due to a medical emergency involving his pregnant wife who had fallen and been rushed to the hospital. Fields' request was denied and he was required to wait two hours before he was permitted to leave. Mertz had falsely claimed that no one was available to relieve Fields despite the fact that Watkins was available and on standby and wanted to relieve Fields. Mertz refused. Watkins confirmed that white drivers, including himself, were routinely allowed to leave promptly in emergency situations without delay or resistance.

3

14. Fields was subjected to harassment by his white supervisor, Dom Fredo. Fredo questioned Fields about time entries and implied that Fields could not understand instructions in the English language because of his race. Fredo asked Fields "What kind of black are you?" Fredo wanted to know if Fields was Haitian, Jamaican, or African, and if they spoke the same language.

15. On May 16, 2025, a spill incident occurred. Watkins was brought into the office and questioned by management. Managers attempted to pressure Watkins to make statements that would place blame on Fields. Management falsely exaggerated the volume of the contained spill.

16. Watkins refused to provide false or misleading information implying blame or wrongdoing on the part of Fields. As a result, Watkins was retaliated against in the form of a three day suspension despite the fact that he was not involved in the incident.

17. Fields was fired following the spill incident. Watkins confirmed that Fields was treated more harshly and unfairly that similarly situated white employees, and it appeared to Watkins that Fields' race was a contributing factor to Fields' termination.

18. Fields provided an affidavit in support of the racial discrimination and retaliation lawsuit filed by Jimmy Cosey against Smith Transport detailing racial discrimination, a hostile work environment, and retaliation by Smith Transport.

## COUNT I – 42 U.S.C. § 1981

### Racial Discrimination/Retaliation

19. Fields incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

4

20.    The above described unlawful employment practices by Smith Transport, its agents, servants, and employees violate 42 U.S.C. § 1981.

21.    Smith Transport's actions were performed with malice and/or reckless indifference to Fields' federally protected rights.

22.    As a direct and proximate result of the above-mentioned employment practices, Fields has lost income, fringe benefits, retirement contributions, lost future job opportunities, future substantial pecuniary losses, non-economic losses and he has suffered embarrassment, humiliation, emotional distress, suffering, inconvenience, and mental anguish for which he seeks damages.

WHEREFORE, Daniel J. Fields demands judgment against Smith Transport, and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, prejudgment interest, post-judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

JURY TRIAL DEMANDED

Respectfully submitted.

By /s/ *Thomas B. Anderson, Esquire*
Thomas B. Anderson, Esquire
Pa. I.D. No. 79990
Bordas and Bordas, PLLC.
420 Fort Duquesne Blvd., Suite 1800
Pittsburgh, PA  15222
(412) 502-5000
tanderson@bordaslaw.com

Counsel for the Plaintiff

Dated: March 23, 2026

5